IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEREK J. DEGROOT,

              Plaintiff,

v.

WISCONSIN DEPARTMENT OF
CORRECTIONS and
MARIO CANZIANI,

              Defendants.

ORDER

21-cv-123-wmc[1]

---

    Pro se plaintiff Derek J. DeGroot is incarcerated at Stanley Correctional Institution. He challenged a Wisconsin Department of Corrections (DOC) policy in place from July 2020 to April 2022 that required inmates to wear a face mask while outside of their cells to help stop the spread of COVID-19. The court dismissed DeGroot's initial complaint for its failure to state a claim and allowed him to amend. Dkt. 14. Because his amended complaint also failed to state a claim, the court dismissed this lawsuit. Dkt. 14. DeGroot seeks reconsideration of that decision, Dkt. 23, and I will deny the motion.

    DeGroot mailed his motion to the court 28 days after entry of judgment, so I will evaluate it under Federal Rule of Civil Procedure 59(e). Rule 59 motions are not for rehashing previously rejected arguments; they should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

---

[1] I am exercising jurisdiction over this case for the purpose of this order only.

DeGroot brought claims under the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Both the Constitution and RLUIPA protect an inmate's right to practice his religion without substantial burden, but subject to some limitations. The Free Exercise Clause allows prison officials to place restrictions on that right that are reasonably related to a legitimate penological interest, and RLUIPA requires that any restriction be the least restrictive means of furthering a compelling governmental interest. *Neely-Bey Tarik-El v. Conley*, 912 F.3d 989, 1003 (7th Cir. 2019); *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987); 42 U.S.C. § 2000cc-1(a)(1)–(2). Because RLUIPA permits only declaratory and injunctive relief, *see* 42 U.S.C. § 2000cc-2(f), and DeGroot concedes in his amended complaint that the DOC lifted its mask mandate more than a year ago, Dkt. 17 at ¶ 43, he does not have a live claim under RLUIPA. Regardless, DeGroot does not present newly discovered evidence or establish any manifest error.

DeGroot alleges that the policy required indoor masking when outside of cells, that he should have been exempted based on his religious beliefs, and that he suffered physical and psychological injury because he was not. He contends on reconsideration that I screened his amended complaint too strictly by concluding, without putting defendants to their proofs, that (1) defendants' interest was compelling and (2) that as alleged and applied, the mandate was reasonably related to that interest and the least restrictive means of protecting the community in an institutional setting. He also suggests that because the policy allowed for exemptions, denying his requested exception could be justified only by a compelling interest. But the court's task at screening is to ensure that plaintiff's allegations state a claim, and it is beyond debate that trying to stop the spread of a highly communicative and potentially deadly disease in a prison, where officials have a constitutional duty to ensure the health and safety of all inmates

in their care, is a legitimate, compelling interest. *Cf. Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020) (per curiam) ("Stemming the spread of COVID-19 is unquestionably a compelling interest.").

I assumed for purposes of screening that wearing a mask violated DeGroot's religious beliefs. But if reducing the transmission of COVID-19 is a compelling interest, then "requiring that people wear masks is a rational way to do that," as many courts have now recognized. *Mahwikizi v. Centers for Disease Control & Prevention*, 573 F. Supp. 3d 1245, 1254 (N.D. Ill. 2021); *see Joseph v. Becerra*, 2022 WL 17262231, at *4 (W.D. Nov. 29, 2022) (collecting cases). DeGroot questions the efficacy of masks and alleges that the DOC's masking policy was irrational because it was not always effective, such as when inmates were eating together, but the masking policy need not have been universally effective. And masking indoors while outside of cells was less restrictive than masking all the time or other measures a prison might impose like quarantines or lockdowns. DeGroot does not plausibly suggest what measure would be less restrictive, other than no masking at all, as the pandemic surged. This court has twice dismissed DeGroot's mask mandate claims and he has not presented any reason to reconsider those decisions.

### ORDER

IT IS ORDERED that plaintiff's motion for reconsideration, Dkt. 23, is DENIED. Entered June 27, 2023.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge